282 April 24, 2024 No. 275

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOUGLAS CARROLL LEVINE,
*Defendant-Appellant.*

Washington County Circuit Court
22CR07736, 21CR39975, 20CN01644, 21CR13926;
A178572 (Control), A178573, A178574, A178575

Ricardo J. Menchaca, Judge. (Judgment entered April 12, 2022)

Janelle F. Wipper, Judge. (Judgment entered April 8, 2022)

Argued and submitted February 07, 2024.

Francis C. Gieringer, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Christopher A. Perdue, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

In Case No. 22CR07736, conviction for fourth-degree assault reversed and remanded; otherwise affirmed. In Case No. 21CR39975, Case No. 20CN01644, and Case No. 21CR13926, affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for fourth-degree assault constituting domestic violence.[1] Defendant's conviction arises from an incident in which he allegedly struck his partner, L, multiple times. He raises six assignments of error. Because we conclude that the trial court erred in not allowing defendant to use L's grand jury testimony as substantive evidence, and because we conclude that that error was not harmless, we reverse. Our reversal on those claims of error (assignments of error one through three) obviates the need for us to address his remaining three assignments of error.

In his first three assignments of error, defendant challenges the trial court's exclusion of L's grand jury testimony as substantive evidence. Before the grand jury, L testified that she did not feel pain in her head or hand after the incident, that she kicked defendant during the events that resulted in her injuries, and that she has a "spotty" memory. At trial, L testified that she lied to the grand jury and did so because she wanted to maintain a relationship with defendant. In contrast to her grand jury testimony, L testified at trial that she suffered significant pain because of defendant's assault and that she did not remember kicking defendant.

Defendant sought to admit her grand jury statements both to impeach L's credibility and as substantive evidence—that is, to prove the content of L's statements to the grand jury. The trial court admitted the statements as impeachment evidence but refused to allow them as substantive evidence. The trial court allowed defendant to play a clip of L's grand jury testimony that she had not suffered pain as a result of the assault but did not allow defendant to play (or admit as exhibits) the parts in which she testified that she had kicked defendant and had a spotty memory.

On appeal, defendant argues that L's grand jury statements were inconsistent with L's trial testimony and thus admissible for their substance under OEC 801(4)(a)(A).

---

[1] This case is consolidated with three others. Defendant challenges only the conviction in this case, which involved only one count of fourth-degree assault.

The state concedes error; its concession is well founded, and we accept it. However, the state maintains that the error is harmless. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (error is harmless where there is "little likelihood that the particular error affected the verdict").

In considering whether the error is harmless, we assess the nature of the error, including any differences between the "quality of the evidentiary error and other evidence admitted on the same issue," as well as the context of the error. *State v. Partain*, 297 Or App 799, 804-05, 444 P3d 1136, *rev den*, 365 Or 533 (2019); *see also Davis*, 336 Or at 33-34 (focusing on whether the finder of fact would have regarded the evidence as duplicative, cumulative, or unhelpful in its deliberations).

We disagree that the error is harmless. As defendant notes, the excluded evidence was relevant to L's credibility, and her credibility, in turn, was an important issue at trial. To be sure, as the state points out, the trial court permitted defendant to use the one statement played for the jury, as well as L's testimony about her untruthfulness before the grand jury, to attack L's credibility. However, in light of the trial court's ruling, defendant could not argue that what L said at grand jury was true. That is, defendant could not argue that L's grand jury testimony established as a matter of fact that by her own admission, L did not suffer pain, had kicked defendant, and had a spotty memory. That argument would have been distinct from the argument that L lied.

Further, as to the latter two issues in particular—whether L kicked defendant and has a spotty memory—no comparable evidence was available to defendant. *See State v. Simon*, 294 Or App 840, 849, 433 P3d 385 (2018), *rev den*, 365 Or 502 (2019) (considering other admissible evidence on the same issue as the erroneously excluded evidence). Although L testified repeatedly that she had lied at grand jury, as to the three specific parts of the grand jury testimony that defendant identified, the jury heard only her testimony about suffering pain as a result of the assault. As to her grand jury testimony that she kicked defendant, the jury did not hear it, and at trial she simply testified that she

"can't exactly recall why—or what happened with the leg thing." Defendant's ability to offer substantive evidence that the parties engaged in a mutual physical fight of some sort could have been significant to the jury's deliberations, and no other admissible evidence came in on that issue. And at no point in her trial testimony did L acknowledge that she testified at grand jury that she has a "spotty memory"; to the contrary, by testifying that she remembered what happened, L implied that her memory was correct and complete. If defendant had been permitted to offer evidence that L in fact has a "spotty" memory, a jury could infer that her trial testimony was incorrect.

Because defendant was prevented from offering the grand jury testimony as substantive evidence on those two points, one of which directly related to the incident and the other to L's credibility, we cannot conclude that the error is harmless.

In Case No. 22CR07736, conviction for fourth-degree assault reversed and remanded; otherwise affirmed. In Case No. 21CR39975, Case No. 20CN01644, and Case No. 21CR13926, affirmed.